## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### Cases Recently Decided
### As Per Dates Shown
No. 27
FOREST CITY INVEST. CO. v. HAAS
Ohio Appeals, 8th Dist., Cuyahoga County.
No. 5161. Decided Nov. 12, 1923

85. APPEAL—Appeal can be prosecuted only from final order—Appointment of receiver during pendency of action is not a final order.

VICKERY, P. J.

Epitomized Opinion

Rosa Haas brought an action in Cuyahoga Common Pleas against the Forest City Investment Company, for an accounting, appointment of a receiver and other equitable relief. A motion was made by her for the appointment of a receiver pending litigation, and one was appointed. The defendant company appealed from this decision. A motion was filed by Haas to dismiss the appeal. In sustaining this motion the Court of Appeals held:

1. An appeal can be prosecuted only from the final court order which involves a complete determination of the case.

2. The action of the trial court or judge in granting a receiver during a pending action does not determine the ultimate rights of the parties, and consequently such an order is not a final order, and moreover does not dispose of the entire case or involve its merits in any way.

Attorneys— Friebolin & Byers, Cleveland, for the Forest City Investment Co.; Kerruish, Kerruish, Hartshorn & Spooner, Cleveland, for Haas.

---

No. 28
MICHIGAN AUTO. INS. EXCHANGE v. VAUGHAN
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4576. Decided Oct. 29, 1923

86. APPEARANCE—Insurance company, by answer to merits and appearance, is bound by judgment notwithstanding service be questionable.

647. INSURANCE—Arrangements between license commissioner and insurance company as to dating of policies on trucks do not defeat right to recover commissions earned by agent.

CUSHING, J.

Epitomized Opinion

Vaughan brought an action against an insurance company to recover commissions which he claimed to have earned while acting as agent for this company. He recovered a judgment for $2771.96. As he consented to a remittitur of $900, the judgment was rendered in his behalf. The insurance company claimed that the action was improperly brought in that under 9556-1 GC. et seq. the action should have been brought against the attorney in fact for the insurance company. Service was had upon the general manager.

The company filed an answer to the merits without making objection thereof to the correctness of the service. After a jury had been impanelled, it excepted to the manner in which the suit had been brought.

Under the contract with Patrick, the manager, Vaughan was to receive 15 per cent on all insurance written and 15 per cent on renewals. On Nov. 5, 1920, Vaughan secured a renewal of a policy for one year with the Waite Taxicab Co. After the renewal had been secured, the license commissioner of Cleveland insisted that the policies be dated and made to expire at the time of the date of their city license. In order to work this arrangement the 1919 policies were extended from Nov. 5 to Dec. 31, 1920. The renewals were written dated Jan. 1, 1921. Between the time of the renewal and Jan. 1, 1921, the insurance exchange quit business. As the judgment was rendered for Vaughan, error was prosecuted to the Court of Appeals. In sustaining judgment of the lower court, this court held:

1. Under 9556-1 to 4 GC., an additional remedy is provided for bringing an action against an insurance company; and if the company answers to the merits and enters its appearance it will be bound by the judgment.

2. As the record disclosed that Vaughan earned his commissions on or before Nov. 5, 1920, no arrangement between the company and the city could in any way defeat his right to recover his commissions.

Attorneys—Paul Howland and J. F. Smith, for Insurance Co.; Bayly, Lawrence & Beach, for Vaughan.

---

No. 29
BARA et al v. BEA et al
Ohio Appeals, 9th Dist., Lorain County
Nos. 271 and 272. Decided Nov. 9, 1923

367. DEEDS—Wherever the relation of debtor and creditor exist, trust deed considered a mortgage—Trust deed with powwer of at-